UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DOMINIC A.,** | Civil Action No. 20-2420 (MCA) |
| **Petitioner,** | |
| v. | **MEMORANDUM OPINION** |
| **WILLIAM ANDERSON, et al.,** | |
| **Respondents.** | |

This matter having been opened to the Court by Petitioner Dominic A.'s submission of a Petition for a writ of habeas corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241, ECF No. 1, and a motion to amend the Petition to include a substantive due process claim for immediate release from detention based on based on the dangers presented by the spread of the novel coronavirus disease 2019 ("COVID-19"). *See* ECF No. 3. For the reasons explained in this Memorandum Opinion, the Court will grant the motion to amend and grant the writ of habeas corpus in part and deny it in part. The Court will direct Respondents to provide Petitioner with an individualized bond hearing before an immigration judge within 7 days of the date of this order, in accordance with the Third Circuit's decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 213 (3d Cir. 2020). Petitioner's substantive due process claim seeking immediate release is denied without prejudice to Petitioner's filing of a new Petition (or a motion to reopen this matter) and motion for a preliminary injunction, to the extent bond is denied and Petitioner can meet the standard outlined by the Third Circuit in *Hope v. Warden York County Prison*, 972 F.3d 310 (3d Cir. 2020).

Petitioner, a native and citizen of Jamaica, entered the United States on or about July 10, 2002 as an F-12 Lawful Permanent Resident. *See* ECF No. 6-7, Ex. 7 (August 6, 2019 IJ Decision) at 1. On February 27, 2019, ICE detained Petitioner and served with him a notice to appear charging him with removability under (1) section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1227(a)(2)(A)(iii), based on his convictions for drug and weapons offenses. *See* ECF No. 6-9, Ex. 9 (Notice to Appear) at 004. Since that date, Petitioner has remained in ICE custody under 8 U.S.C. § 1226(c) and is detained at Essex County Correctional Facility ("ECCF").

Petitioner moved to terminate proceedings on the ground that he derived U.S. citizenship from his maternal grandmother/adoptive mother. *See* Ex. 7 (August 6, 2019 IJ Decision) at 3. On August 6, 2019, the immigration judge denied the motion to terminate, finding that Petitioner failed to provide evidence to show that his maternal grandmother legally adopted him. *See id.* at 3-5. Petitioner thereafter filed applications for asylum and other forms of relief from removal. On January 17, 2020, the immigration court denied Petitioner's application for relief and ordered him removed to Jamaica. *See* ECF No. 6-10, Ex. 10 (January 17, 2020 IJ Decision) at 1-2. Petitioner appealed this decision to the Board of Immigration Appeals ("BIA").

The instant Petition was docketed on March 3, 2020, and on March 26, 2020, the Court directed Respondents to answer the Petition. *See* ECF Nos. 1-2. Respondents did not answer the Petition within the timeframe provided by the Court.

On June 2, 2020, Pina N. Cirillo, Esq., of Rutgers Law School's Immigrant Rights Clinic entered an appearance on behalf of Dominic A., and filed a motion to amend the Petition. *See* ECF No. 3. The Amended Petition asserts that Petitioner's detention violates his due process rights because 1) he has been detained pursuant to 8 U.S.C. § 1226(c) for over fifteen months

without a bond hearing and 2) his conditions of his confinement at ECCF amount to punishment in light of his underlying medical conditions and the spread of COVID-19.[1] Am. Pet. ¶¶ 1-5, 19.

On June 9, 2020, Respondents filed their Answer. ECF No. 6. Respondents concede that Petitioner has been detained without bond pursuant to 8 U.S.C. §1226(c) since February 27, 2019, but assert that his detention is authorized by § 1226(c) and has not become unreasonably prolonged. *See* Answer at 26-28. As to the substantive due process claim, Respondents argue that Petitioner is being treated for his medical conditions, that these conditions are not serious enough to warrant release, and that his detention does not amount to punishment in light of the efforts to combat COVID-19 at ECCF. *See id.* at 29-41.

Most recently, on July 31, 2020, the BIA sustained Petitioner's immigration appeal and remanded the record to the immigration court for the entry of a new decision. *See* ECF No. 11-1, Ex. A, BIA Decision. In remanding the matter, the BIA instructed the immigration court to consider whether Petitioner's conviction constitutes an aggravated felony and a per se particularly serious crime under the relevant Third Circuit authority, conduct further factfinding on its alternate determination that Petitioner's crime is a particularly serious crime, and reconsider Plaintiff's request for protection under the Convention Against Torture ("CAT") in light of relevant authorities. *See id.*

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that his custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United*

---

[1] Petitioner alleges that his asthma, anxiety, depression, post-traumatic stress disorder ("PTSD"), diarrhea, seborrheic dermatitis, past finger pain, and history of smoking place him at a heightened risk of severe illness if he were to contract COVID-19. *See* Am. Pet. ¶ 19.

*States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009).   This Court has jurisdiction over Petitioner's claims as he is detained within this district and alleges that his custody violates the Due Process Clause of the Fifth Amendment.

The Court begins its analysis with Petitioner's due process claim that his detention has become unduly prolonged and his request for an individualized bond hearing, which are governed by the Third Circuit's recent decision in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210–11 (3d Cir. 2020).   There, the Third Circuit clarified that its due process analysis in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3d Cir. 2015) and *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), survives the Supreme Court's 2018 decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).[2]   *See German Santos*, 965 F.3d at 210 (explaining that *Jennings* "did not touch the constitutional analysis that led *Diop* and *Chavez-Alvarez* to their reading"); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 278 (3d Cir. 2018) ("Jennings did not call into question our constitutional holding in Diop that detention under § 1226(c) may violate due process if unreasonably long."). Thus, the constitutional analysis in *Diop* and *Chavez Alvarez* is still good law, and those cases govern as-applied challenges under § 1226(c).   *See id.*

Under Third Circuit law, "when detention becomes unreasonable, the Due Process Clause demands a hearing."   *Id.* at 211 (quoting *Diop*, 656 F.3d at 233); *accord Chavez-Alvarez*, 783

---

[2] In *Jennings v. Rodriguez*, the Supreme Court reversed the Ninth Circuit's holding that three detention provisions of the INA—8 U.S.C. §§ 1225(b), 1226(a), and 1226(c)—did not authorize prolonged detention without a bond hearing.   Applying the canon of constitutional avoidance, the Ninth Circuit had construed these three provisions to require an automatic bond hearing before the immigration judge ("IJ") at six months of detention.   *See Rodriguez v. Robbins*, 804 F.3d 1060, 1078-85 (9th Cir. 2015).   The Court rejected the lower court's "implausible constructions" of the three detention statutes, and remanded for the Ninth Circuit to decide in the first instance whether due process requires a bond hearing with the burden on the government when detention under the three provisions becomes prolonged.   *Id.* at 842-47, 851.

F.3d at 474–75.  Reasonableness is a "highly fact-specific" inquiry.  *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 474).  "Together, *Diop* and *Chavez-Alvarez* give [courts] a nonexhaustive list of four factors to consider in assessing whether an alien's detention has grown unreasonable."  *Id.*

"The most important factor is the duration of detention.  *German Santos*, 965 F.3d at 211 (citing *Chavez-Alvarez*, 783 F.3d at 475–78; *Diop*, 656 F.3d at 233–34).  In *Diop*, the Third Circuit explained that detention "becomes more and more suspect" after five months, 656 F.3d at 234, and held that the two-year-and-eleven-month detention of an alien who had been granted withholding of removal was unreasonable.  *Id.* at 233–34.  In *Chavez Alvarez*, the Court held that a lawful permanent resident's detention became unreasonable sometime between six months and one year.  783 F.3d at 478.  There is no bright line threshold for reasonable duration.  *See German Santos*, 965 F.3d at 211.  Instead, courts should consider "whether the detention is likely to continue", the reasons for the delay, and "whether the alien's conditions of confinement are "meaningfully different[ ] from criminal punishment."  *Id.* (citing *Chavez-Alvarez*, 783 F.3d at 477-78).

After reiterating the standard, the Third Circuit turned to German Santos's detention and determined that, "[g]iven its length, likelihood of continuing, and conditions, [the detention had] become unreasonable.  *Id.* at 212.  As explained by the court, German Santos's detention of two and one-half years weighed strongly in his favor because it was longer than the detention held unreasonable in *Chavez Alvarez* and approaching the length of detention in *Diop*.  *See id.*  It was also very likely that German Santos's detention would continue, as his appeal before the BIA was still pending, and he could thereafter seek review of the BIA's decision by the court of appeals.  *See id.*  Because there was no evidence of bad faith by the government or by German Santos, "this factor [did] not favor either side."  *Id.*  Finally, the Court noted that German

Santos was detained "alongside convicted criminals since late 2017" and "[d]espite its civil label, his detention is indistinguishable from criminal punishment." *Id.* at 212-13.

Here, Petitioner in this matter has been detained without bond for more than 20 months, longer than the Petitioner in *Chavez Alvarez*. Although he has been detained for less time than the Petitioners in *Diop* and *German Santos*, the length of his detention still strongly weighs in his favor. Moreover, his appeal to the BIA was recently sustained, and his case was remanded to the Immigration Judge on multiple grounds; as such, his detention is likely to continue for some time. There is no indication of bad faith or undue delays on the part of Petitioner or the government, and his conditions of confinement at ECCF are not meaningfully distinguishable from criminal punishment, particularly in light of the ongoing COVID-19 pandemic. Having weighed the relevant factors, the Court finds Petitioner's more than 20-month detention is unreasonable and will grant the habeas petition on this basis and direct an Immigration Judge to provide Petitioner with an individualized bond hearing.

At that hearing, the Government bears the burden of proof to justify detention by clear and convincing evidence. *See German Santos*, 965 F.3d at 213 ("We have already held that the Government bears the burden of proof. That burden, we now hold, is to justify detention by clear and convincing evidence.").

At this time, the Court will deny without prejudice Petitioner's request for immediate release. On August 25, 2020, after briefing concluded in this matter, the Third Circuit issued its precedential opinion in *Hope v. Warden York County Prison*, 972 F.3d 310, 325 (3d Cir. 2020) (holding that Petitioners' claim seeking release due to unconstitutional conditions of confinement during COVID-19 pandemic is cognizable in habeas but concluding the District Court abused its discretion when it ordered release). Here, neither party has briefed the precedential decision

that controls whether immediate release is an appropriate form of relief for Petitioner in this case. Notably, in *Hope*, the Third Circuit instructed courts to considers alternative forms of relief before granting the extraordinary remedy of release even where the petitioner could demonstrate a likelihood of success on the merits of their constitutional claims.  *See Hope*, 972 F.3d at 333 ("In view of the legitimacy of mandatory and discretionary detention, even after a district court makes findings on the merits sufficient to support preliminary relief, it must carefully consider whether alternatives to release are appropriate before ordering release.")   The Court has determined that Petitioner is entitled to an individualized bond hearing due to his prolonged detention.   To the extent bond is denied, Petitioner is free to file a new Petition (or move to reopen this matter) and a motion for a preliminary injunction to seek relief on his substantive due process claim to the extent he can meet the standard set forth by the Third Circuit in *Hope*.

In conclusion, the motion to amend is GRANTED (ECF No. 3) and the Amended Petition for a writ of habeas corpus is GRANTED in part and DENIED in part.   The Amended Petition is granted as to Petitioner's request for an individualized bond hearing with the burden on the government to justify his continued detention by clear and convincing evidence.   The Amended Petition is denied without prejudice as to Petitioner's substantive due process claims seeking immediate release due to the dangers presented by the COVID-19 pandemic.   An appropriate Order follows.

                                                  s/Madeline Cox Arleo
                                                  Hon. Madeline Cox Arleo
                                                  United States District Judge